SPICER ET AL., APPELLEES, *v.*
JAMES ET AL., APPELLANTS.

(No. 84-CA-39—Decided March 20, 1985.)

*Richard A. Wead,* for appellees.
*Larry J. Denny,* for appellants.

BROGAN, P.J. On February 24, 1982 plaintiffs-appellees filed a complaint in the Fairborn Municipal Court for past rent due on a lease agreement signed by defendants-appellants. The parties submitted their case to a referee for a hearing on October 31, 1983. The referee issued his report and recommendation on December 5, 1983, holding that the defendants-appellants were liable for the past rent due. The municipal court judge approved the referee's opinion on March 9, 1984 and defendants-appellants have appealed to this court asserting the following assignments of error which will be considered together:

"I. The trial court erred in approving the report and recommendations of the referee which held that the defendants-appellants were individually liable for the amount of rent due under the lease agreement between the plaintiffs-appellees and the corporation Elegant Imports, Inc.

"A. The lower court erred as a matter of law, in holding that the defendants-appellants were individually liable on the rental agreement despite no language in the agreement to demonstrate that the defendants-appellants were joint tenants with the corporation, Elegant Imports, Inc. or in any way jointly liable with Elegant Imports, Inc.

"B. The lower court's holding violates Ohio law which requires all special promises to answer for the debt or default of another person to be expressed in writing, and without such a written promise, all personal guarantees of a debt violates the Statute of Frauds as stated in the Ohio Revised Code Section 1335.05.

"C. The lower court's holding is contrary to the manifest weight of the evidence presented at trial."

Appellants and appellees executed a lease agreement on June 5, 1981. Appellants were corporate officers of Elegant Imports, Inc. and signed the lease twice, once as corporate officers and once as individuals. When appellees filed the complaint on February 24, 1982, appellants owed $9,680 for past rent due and for nonpayment of rent penalties. Essentially, appellants' argument before the trial court, and now before this court, is that the lease is written in the singular form and refers only to Elegant Imports, Inc. as tenants.

Therefore, appellants contend they are not liable as individuals for the debts of the corporation. We disagree.

Generally, a party signing a contract as a corporate officer is not individually liable. *Centennial Ins. Co. of New York v. Vic Tanny Internatl. of Toledo, Inc.* (1975), 46 Ohio App. 2d 137, 140-142 [75 O.O.2d 115]. However, if a corporate officer executes an agreement in a way that indicates personal liability, then that officer is personally liable regardless of his intention. *Id.* Whether a corporate officer is personally liable upon a contract depends upon the form of the promise and the form of the signature.

In the case before us, the tenant on the lease agreement was listed as Elegant Imports, Inc. The language in the lease agreement was in the singular and referred solely to the tenant or Elegant Imports, Inc. However, the signatures which appeared at the end of the lease agreement were signed in a dual capacity.

Appellants' signatures were first signed in an individual capacity and did not have any corporate designation after them. After their second set of signatures, appellants indicated their corporate title; for example, appellant Bob Burn has "V.P." written after his signature and appellant Douglas James has "Pres." written after his signature. Appellants' first set of signatures did not have a corporate designation appearing after them.

Although the body of the lease agreement was in the singular form and listed only Elegant Imports, Inc. as the tenant, appellants' signatures must be interpreted not only as binding the corporation to the terms of the lease but also as binding appellants as individuals. There is no language preceding the individual signatures that would indicate appellants signed the lease agreement "on behalf of" or "per" Elegant Imports, Inc. Therefore, the signatures which appeared without appellants' corporate title indicate that appellants signed the lease agreement in an individual capacity. Compare *Titus* v. *Kyle* (1859), 10 Ohio St. 444, and *Huron Cty. Banking Co.* v. *Oberlin Gas & Electric Co.* (1911), 32 Ohio C.D. 390. See, also, *Superior Supply Co., Inc.* v. *Figetakis* (May 17, 1984), Cuyahoga App. No. 47496, unreported; *Tsambouneris* v. *F & M Plating Corp.* (Apr. 19, 1984), Cuyahoga App. No. 47431, unreported.

Additionally, each appellant signed the lease agreement separately which established joint and several liability. Generally, an obligation entered into by more than one person is presumed to be joint, and several responsibility will not arise except by words of severance. 17 American Jurisprudence 2d (1964) 716, Contracts, Section 298. Therefore, appellants are liable jointly because no severance language appears in the body of the agreement. See *Western Ohio Bank & Trust Co.* v. *J's Restaurant* (Feb. 27, 1985), Miami App. No. 84-CA-22, unreported.

Appellants' individual liability on the lease agreement is supported by competent and credible evidence. *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KERNS and WILSON, JJ., concur.