**LINKEY**

v.

**MEDICAL COLLEGE OF OHIO.**

Court of Claims of Ohio.

No. 96–04428.

Decided April 23, 1997.

*R. Kevin Greenfield,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *Larry Y. Chan,* Assistant Attorney General, for defendant.

J. Warren Bettis, Judge.

On March 17, 1997, the court conducted a trial in this matter on the sole issue of liability. The court finds that the facts noted in this decision have been established by a preponderance of the evidence.

Plaintiff, Roger Linkey, began employment with defendant, Medical College of Ohio ("MCO"), in 1980. From 1987 until his termination, plaintiff was employed pursuant to a series of one-year limited contracts that ran from July 1 to June 30 of the next year, coinciding with defendant's fiscal year. The limited contracts were subject to the action by the board of trustees as delineated in defendant's bylaws, rules, and regulations ("bylaws"). Pursuant to Article VI(H)(3)(b)(3) of the bylaws, notice of termination by nonrenewal, after the fifth year of service, was required to be given to the employee "a minimum of ninety (90) days before expiration of the appointment."

On May 24, 1994, plaintiff received a letter from defendant notifying him that his employment would be terminated effective August 22, 1994. The letter stated that "although your contract expires on June 30, 1994, this letter extends your employment to August 22, 1994." On the same day, shortly after receiving the letter, plaintiff was instructed to clean out his desk, leave the premises, and not return. Plaintiff was paid through August 22, 1994.

Plaintiff's complaint alleges that defendant breached its contract because it failed to give him proper notice of nonrenewal for the upcoming 1994–1995 fiscal year and, thus, his contract should have been automatically renewed for another year.

As indicated above, plaintiff began working at MCO in 1980. Each year, beginning in 1987, plaintiff signed a contract. Each contract was made subject to the bylaws and other actions of the board of trustees. The contract, as evidenced by the notice of appointment issued to plaintiff and defendant's bylaws and resolutions adopted by the board of trustees, is expressly written, and its interpretation is a matter of law for the court. *Alexander v. Buckeye Pipe Line Co.* (1978), 53 Ohio St.2d 241, 7 O.O.3d 403, 374 N.E.2d 146.

It is well settled that employment is presumed to be at will unless other contractual provision expressly or impliedly provide otherwise. *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118. Parties are free to enter into employment contracts which are not at will, but which provide specific terms regarding duration of employment or conditions of discharge. The intent of the parties as to the duration of a contract is ordinarily derived from the written contract entered into by the parties. The law favors an interpretation that gives a reasonable, lawful, and effective meaning to all manifestations of intent, rather than an interpretation that leaves part of the

party's manifestation of intent unreasonable, unlawful, or of no effect. See Restatement of the Law, Contracts (1932) 327, Section 236(a). Plaintiff directs our attention to *Biskupich v. Westbay Manor Nursing Home* (1986), 33 Ohio App.3d 220, 515 N.E.2d 632. In *Biskupich,* the court noted that "clearly, the terms and representations in an employee manual are relevant facts properly considered in determining the nature of the agreement between employer and employee * * * ." *Id.* at 221, 515 N.E.2d at 634.

Therefore, defendant's bylaws must be read in conjunction with plaintiff's limited employment contract. The contract specified that plaintiff's period of appointment was from July 1, 1993 through June 30, 1994. In addition, the bylaws required that an employee receive notice at least ninety days prior to the expiration of appointment. The court finds that the plaintiff and other similarly situated, administratively exempt employees were told that their employment contract was subject to nonrenewal for any reason as long as they received notice on or before April 1 of each year. The court also finds that the common practice of defendant was to notify each employee by April 1 of nonrenewal; otherwise, their employment would be automatically renewed for the next year.

Since plaintiff did not receive notice by April 1, 1994, he had a reasonable expectation that his employment would continue for another year. Accordingly, the court finds that defendant breached its contract of employment with plaintiff. Judgment is hereby rendered for plaintiff. A trial on damages shall be scheduled in the near future.

*Judgment accordingly.*

J. WARREN BETTIS, J., retired, of the Columbiana County Court of Common Pleas, sitting by assignment.

## APPENDIX I

This action was tried before the court on March 17, 1997. The court has considered the evidence and rendered a decision filed herein. Judgment is rendered for plaintiff. A trial shall be scheduled in the near future regarding the issue of damages.

## APPENDIX II

### JOURNAL ENTRY APPROVING SETTLEMENT

The court, being fully advised as to the premises, approves and confirms the settlement agreement heretofore entered into by and between the parties hereto and orders that the cause be dismissed with prejudice to all parties, all court

18

costs to be paid by the defendant. No interest shall be paid on the amount of the settlement.

It is further ordered that the settlement warrant of $20,000, to be drawn on the account of the Medical College of Ohio and be sent to the plaintiff, Roger Linkey, c/o Kevin R. Greenfield, Esq.