This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
Plaintiff-appellant Gund Business Enterprises, Inc. appeals from a Civ.R. 12(B)(6) dismissal of its action against defendant-appellee Steven Duffett, d.b.a. "Fanatics Sports Club" by the Shaker Heights Municipal Court. Plaintiff claims that its complaint satisfied the statement of a claim entitling it to relief and the dismissal was erroneous. We agree and reverse for the reasons hereinafter stated.
On October 28, 1998, plaintiff Gund filed its complaint seeking payment for advertising services rendered to defendant. Plaintiff sued on the advertising account, as well as for breach of contract and unjust enrichment. Plaintiff sought $2,800 plus interest. The issue below and on appeal turns on whether defendant signed the contract as an individual personally liable or as agent or representative for Fanatics Sports Club.
Specifically, Gund alleged that defendant "is an individual formerly doing business as "Fanatics Sports Club" who entered into a written agreement with Gund for the purpose of obtaining advertising in Gund's HOOP Magazine. The written agreement, entitled "HOOP Magazine Agreement," was attached to the complaint as Exhibit "A." On the agreement, defendant is identified as Gund's client, and acceptance of the agreement was confirmed by "FANATICS SPORTS CLUB By Steve Duffett" and dated October 28, 1997. A copy of an account listing Fanatics Sports Club as customer, attention Mr. Steve Duffett, was also attached to the complaint as Exhibit B.
Defendant's motion to dismiss for failure to state a claim with its supporting brief and affidavit insists that the allegations of the complaint are untrue. His affidavit states that from 1993 through 1996, he served as one of a number of managers of Fanatics Sports Club, a bar/restaurant, which formerly operated in Cleveland. However, he contends that he never did business in his personal or individual capacity under that name and he only signed the HOOP Magazine Agreement as a representative or manager of Fanatics.
In short, defendant contended that he was not the proper defendant in this action. The trial court found defendant's motion well taken and dismissed the complaint for failure to state a claim under Civ.R. 12(B)(6).
Plaintiff's sole assignment of error states as follows:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION TO DISMISS.
The standard of review for a dismissal pursuant to Civ.R. 12(B)(6) was stated by this Court in Thompson v. Cent. OhioCellular, Inc. (1994), 93 Ohio App.3d 530, 538:
 A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd. of Cornmrs. (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party." Byrd v. Faber
(1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, 589, citing Mitchell v. Lawson Milk Co.
(1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753, 756. However, while the factual allegations of the complaint are taken as true, the same cannot be said about unsupported conclusions. "Unsupported conclusions of a complaint are not considered admitted, * * * and are not sufficient to withstand a motion to dismiss. * * *" (Citations omitted.) State ex rel. Hickman v. Capots
(1989), 45 Ohio St.3d 324, 544 N.E.2d 639.
 In resolving a Civ.R. 12(B)(6) motion, courts are confined to the averments set forth in the complaint and cannot consider outside evidentiary materials unless the motion is converted, with appropriate notice, into one for summary judgment under Civ.R. 56. State ex rel. Baran v. Fuerst (1990), 55 Ohio St.3d 94, 563 N.E.2d 713. In order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." O'Brien v. Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224, 327 N.E.2d 753, 755. (Citations omitted in the original.)
We cannot say on the face of plaintiff's complaint that it is beyond doubt that there is no set of facts which would allow plaintiff to recover. Specifically, if plaintiff proves that it entered into the agreement with defendant individually, then plaintiff may be entitled to recover from defendant in its action. Clearly, defendant's use of the name "Fanatics Sports Club" is not, per se, fatal to plaintiff's claim, as defendant may, as plaintiff alleges, have been operating as a sole proprietor, or the name may have been otherwise used by defendant as a trade or fictitious name. Plaintiff may also recover if it can prove that defendant failed to properly identify himself as an agent of Fanatics in the agreement. Even assuming that defendant's contentions are true, the mere existence of a defense to plaintiff's claims does not entitle defendant to dismissal under Civ.R. 12(B)(6) on the face of the complaint.
We have no reason to find that the trial court's dismissal was based on defendant's affidavit or resulted from crediting other matters outside the scope of the complaint. If the court had considered those materials, it would be deemed to have converted the motion to dismiss into a motion for summary judgment and its failure to notify the parties of such a conversion would be reversible error. State ex rel. Boggs v. Springfield Local SchoolDist. Bd. of Edn. (1995), 72 Ohio St.3d 94, 96; State ex rel.Baran v. Fuerst (1990), 55 Ohio St.3d 94. We acknowledge the presumption that in dismissing a claim pursuant to Civ.R. 12(B)(6), the trial court did not rely on extraneous facts presented by the opposing party outside the pleadings. Spaldingv. Coulson (1995), 104 Ohio App.3d 62, 77; Thompson, supra, at 539. Therefore, we presume the trial court assumed the truth of the allegations of the complaint, including these allegations that plaintiff entered into the agreement with defendant personally.
Defendant vigorously argues that he clearly, unambiguously, unequivocally and certainly entered into the agreement as an agent or representative for Fanatics Sports Club and that he cannot be held personally responsible for this contract. However, we do not find the matter unambiguous as the agreement does not identify defendant as an officer, employee or agent of Fanatics Sports Club.
The interpretation of a written contract is a matter of law for the court. Seringetti Constr. Co. v. Cincinnati (1988), 51 Ohio App.3d 1,4. If a contract is ambiguous, the matter should be submitted to the trier of fact. Inland Refuse Transfer Co. v.Browning-Ferris Indus. of Ohio (1984), 15 Ohio St.3d 321, 322.
Generally, officers of a corporation will not be held individually liable on a contract which they enter into on behalf of the corporation unless they intentionally or inadvertently bind themselves as individuals. Hommel v. Micco (1991), 76 Ohio App.3d 690,697; Spicer v. James (1985), 21 Ohio App.3d 222;Centennial Ins. Co. of New York v. Vic Tanny Internat'l. ofToledo, Inc. (1975), 46 Ohio App.2d 137, 142. Whether or not an officer has effectively expressed that his signature does not represent his individual obligation depends on "the form of the promise and the form of the signature." Spicer, supra at 223. The corporate officer has the responsibility to clearly identify the capacity in which he is dealing in a transaction and failure to do so will expose him to individual liability on the resulting contract. Hommel, supra, at 697; Universal Energy Serv., Inc. v.Camilly (May 3, 1991), Ashtabula App. No. 90-A-1533, unreported. See, also, Spicer, supra.
Furthermore, an agent is "personally liable on [a] contract if there is nothing on its face to indicate that it is the contract of the principal" 3 Ohio Jurisprudence 3d (1978) 270, Agency, Section 179. A signature expresses that the signator is acting as an agent if "(1) the name of the principal is disclosed, (2) the signature is preceded by words of agency such as "by" or "per" or on behalf of", and (3) the signature is followed by the title which represents the capacity in which the signator is executing the document, e.g., "Pres." or "V.P." or "Agent." George BallasLeasing, Inc. v. State Security Service, Inc. (Dec. 31, 1991), Lucas App. No. L-91-069, unreported, citing Spicer, supra andCollins v. Buckeye State Insurance Co. (1867). 17 Ohio St. 215.
Contrary to defendant's contentions, the instant agreement does not "clearly and unambiguously" identify a principal. Rather, the agreement identifies defendant individually and by name as Gund's client. Although the name "Fanatics Sports Club" appears in the agreement, it is not identified as a separate person or given any legal description. It is not apparent from the agreement whether Fanatics was a proprietorship owned by defendant or a corporation, partnership or other separate legal entity.
Furthermore, defendant failed to set forth his title or representative capacity in the agreement. Although defendant asserts that he was only the manager of Fanatics, there is no reference to this title or position in the agreement. This requirement would have been satisfied had defendant followed his signature with his "Mgr." title, as he asserts, or other title representing his capacity.
Accordingly, defendant's signature failed to effectively express that he was working as an agent or officer of Fanatics when he entered into the agreement. Defendant had the responsibility to clearly identify himself as an agent or officer of Fanatics but failed to do so.
It may very well turn out that defendant Duffett was, in fact, signing on behalf of some other entity that was known to plaintiff Gund. However, at this juncture, it is premature to reach that conclusion on the face of the complaint. After making all reasonable inferences in favor of Gund, the trial court should have overruled the motion to dismiss under Civ.R. 12(B)(6).
Plaintiff's sole assignment of error is sustained.
Judgment reversed.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY. J., and MICHAEL, J. CORRIGAN, J. CONCUR.
JAMES M. PORTER, ADMINISTRATIVE JUDGE