OPINION
{¶ 1} Appellant Mark Clendenin appeals the decision of the Stark County Court of Common Pleas that found him personally liable on a "Continuing Guarantee Unlimited" in the amount of $52,067.54. The following facts give rise to this appeal.
 {¶ 2} On January 16, 2001, Appellee Hursh Builders Supply Company ("Hursh") filed its complaint against appellant as an action on account. The account sued upon was actually an account extended to Amesburry Homes, Inc. ("Amesburry"), an Ohio corporation. The complaint alleged that Amesburry was liable to Hursh on an account and because Amesburry had not paid, appellant was liable to Hursh by virtue of a personal guaranty.
 {¶ 3} Appellant never entered an appearance, however he and the president of Hursh continued to negotiate payment plans on the account. An agreement was never reached and thereafter, Hursh moved for default judgment, which the trial court granted on June 12, 2001. Subsequently, appellant filed a motion for relief from judgment. The trial court granted appellant's motion on November 6, 2001. Appellant filed an answer to the complaint on November 20, 2001, in which he alleged that he did not personally guarantee Amesburry's obligations to Hursh.
 {¶ 4} On March 8, 2002, appellant filed a motion for summary judgment. Hursh filed a response to appellant's motion for summary judgment on March 21, 2002, and also filed a cross-motion for summary judgment. Appellant filed a response to Hursh's cross-motion for summary judgment on April 8, 2002. On April 24, 2002, the trial court filed a judgment entry denying appellant's motion for summary judgment and granting Hursh's motion for summary judgment.
 {¶ 5} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 6} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING APPELLANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 7} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
 Summary Judgment Standard {¶ 8} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 9} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 10} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429,1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 11} It is based upon this standard that we review appellant's two assignments of error.
 I, II {¶ 12} We will address appellant's assignments of error simultaneously as both concern whether the trial court correctly determined that appellant is personally liable on the "Continuing Guarantee Unlimited" even though he signed the guaranty in his corporate capacity as President of Amesburry.
 {¶ 13} The "Continuing Guarantee Unlimited" provides as follows:
 {¶ 14} "For the purpose of inducing Hursh Builders Supply Co., Inc., (hereinafter referred to as `Creditor') to extend credit to Amesburry Homes, Inc. (hereinafter referred to as `Debtor'), the undersigned, (hereinafter referred to as `Guarantor') hereby absolutely and unconditionally guarantees the prompt and full payment to Creditor when due, whether by acceleration or otherwise, of all obligations of any kind for which Debtor is now or may hereinafter become liable to Creditor."
 {¶ 15} On the signature line for "Guarantor" appears appellant's signature followed by the word "President."
 {¶ 16} A guaranty is a promise by one person to pay the debts of another. 52 Ohio Jurisprudence 3d (1997), 239, Guaranty and Suretyship, Section 3. This promise is defined as:
 {¶ 17} "* * * [a] collateral engagement for the performance of the undertaking of another, and it imports the existence of two different and distinct obligations — one being that of the principal debtor [Amesburry] and the other that of the guarantor [Appellant Clendenin]. The obligation of a guarantor is collateral and secondary to the obligation of the principal debtor."
 {¶ 18} "The principle debtor [Amesburry] is not a party to the guaranty, and the guarantor [Appellant Clendenin] is not a party of the principal obligation. The undertaking of the former is independent of the promise of the latter; and the responsibilities which are imposed by the contract of guaranty differ from those which are created by the contract to which the guaranty is collateral. The fact that the guaranty and the principal contract are written on the same paper or instrument does not affect the independence or separateness of the one from the other." Id. at 239-240, Section 3.
 {¶ 19} Appellant maintains he did not personally guarantee the obligations of Amesburry, but instead signed the guaranty in his corporate capacity as President of Amesburry.
 {¶ 20} In support of this argument, appellant cites the case ofGeorge Ballas Leasing, Inc. v. State Security Service, Inc. (Dec. 31, 1991), Lucas App. No. L-91-069. In this case, plaintiff brought suit against State Security Service, Inc., as maker of the contract, and against its President, Donald Johnson, as guarantor. Id. at 1. Donald Johnson signed the guaranty as "Donald Johnson, President." Id. Donald Johnson moved for summary judgment on the basis that he did not enter into the guaranty in his personal capacity, but instead signed it on behalf of the corporation. Id. The trial court granted Johnson's motion for summary judgment and dismissed him from the case. Id. On appeal, the court of appeals affirmed the trial court's decision holding that:
 {¶ 21} "The signature itself represents a clear indication that the signator is acting as an agent if; (1) the name of the principal is disclosed, (2) the signature is preceded by words of agency such as `by' or `per' or `on behalf of', and (3) the signature is followed by the title which represents the capacity in which the signator is executing the document, e.g., `Pres.' or `V.P.' or `Agent.'" Id. at 2, citing Spicer v. James (1985), 21 Ohio App.3d 222, 223, Collins v. Buckeye State Ins. Co. (1867), 17 Ohio St. 215.
 {¶ 22} The court of appeals concluded that Johnson satisfied the formality required to show his intention to be only a signatory as agent of another because:
 {¶ 23} "* * * the `Guarantee of Performance' clause consists of standard preprinted text which is both gender and tense neutral; therefore, there can be no inconsistency between the form of the promise and the signature. The signature itself follows the preprinted word `by' and is followed by the word `president.' The corporation of which * * * Johnson is president is typed both on the document's face and immediately below the lessee's signature line on the back page." Id.
 {¶ 24} We find the George Ballas Leasing, Inc. case distinguishable from the facts of the case sub judice in that appellant did not clearly indicate whom he represented when he executed the guaranty and no words of representation are present before his signature. Thus, having failed to meet the three requirements set forth in the George Ballas Leasing, Inc. case, we conclude based upon the reasoning of that case, that appellant cannot avoid personal liability for the debt of Amesburry. Appellant's signature does not clearly indicate that he was acting as an agent of Amesburry.
 {¶ 25} In support of its argument on appeal, Hursh cites the case of S-S-C Co. v. Hobby Center, Inc. (Dec. 4, 1992), Lucas App. No. L-92-049. In this case, Beth Savino attempted to avoid liability on a personal guaranty under commercial lease between her company, Hobby Center, Inc., and the plaintiff. Id. at 1. Under the signature line of the guaranty, on which she signed her name, Savino wrote the word "President." Id. The court of appeals found Savino personally liable on the guaranty and stated:
 {¶ 26} "Further, the fact that Beth B. Savino wrote the word `President' beneath her signature on the guaranty does not render the guaranty itself ambiguous. The general rule of interpretation governing this kind of signature is that such words as `president' are merely descriptive of the character or capacity of the person signing the document. [Citations omitted.] The signer must not only disclose his agency status but must deal in the name of his principal, e.g., Beth B. Savino as President of Hobby Center, Inc. [Citation omitted] Thus, the addition of `president' without any reference to Hobby Center does not render the guaranty of lease ambiguous or allow Beth Savino to deny the personal liability imposed by the clear and unambiguous language of that guaranty. Id. at 3.
 {¶ 27} Based upon the above case, appellant's use of the word "President," after his name, was merely descriptive of his capacity. In order to not be personally liable on the guaranty, appellant had to disclose his agency status, i.e. "President," and indicate the name of his principal, i.e. "Amesburry Homes, Inc." Having failed to do so, we conclude appellant is personally liable on the guaranty. Therefore, we find the trial court did not err when it denied appellant's motion for summary judgment and granted Hursh's motion for summary judgment.
 {¶ 28} Appellant's first and second assignments of error are overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
Topic: whether use of corporate title binds individual on guaranty.