JOURNAL ENTRY and OPINION
{¶ 1} Appellant Joel Herman appeals from the trial court's awarding appellee Birdell Byars $2,050. He assigns the following three errors for our review:
 {¶ 2} "I. It was error for the trial court to enter judgment against [an] officer of the corporation upon a corporate debt absent any showing of misrepresentation on the part of the individual who was an employee of the corporation."
 {¶ 3} "II. The trial court abused its discretion in rendering judgment against appellant where such judgment is against the manifest weight of the evidence."
 {¶ 4} "III. The trial court committed prejudicial error when it punished appellant for failing to settle the action without trial."
 {¶ 5} Having reviewed the record and pertinent law, we reverse the trial court's judgment, and enter judgment for Joel Herman. The apposite facts follow.
 {¶ 6} On October 7, 2002,[1] Byars filed suit against Joel Herman, dba Herman Textile Company, Jack Herman, statutory agent and officer of the corporation,[2] and Joel Herman. Byars alleged in the complaint that she purchased draperies from Herman, but the wrong color was ordered. She requested that Herman either replace the drapes or refund her down payment.
 {¶ 7} After answering, Joel Herman filed a motion for summary judgment. Herman argued all his dealings with Byars were as an employee of Herman Textile Company, Inc. and therefore Byars' claims were against the corporation and not him individually. Herman attached to the motion the Articles of Incorporation of Herman Textile Company, Inc., which indicated Herman Textiles is a for profit corporation established under the laws of the State of Ohio and incorporated on July 11, 1980.
 {¶ 8} On July 24, 2003, Byars filed a motion to amend her complaint to add Herman Textile Company, Inc. as a defendant. The trial court, however, denied the motion.
 {¶ 9} On August 5, 2003, the trial court denied Herman's motion for summary judgment. The matter then proceeded to a bench trial where the following evidence was presented.
 {¶ 10} Birdell Byars testified a friend referred her to Joel Herman for the purchase of custom drapes. On April 23, 2001, Herman came to her house with drapery samples. According to Byars, her living room walls and carpet are an olive green color. She therefore chose a darker green color for the drapes.[3]
The draperies took awhile to arrive because they were back-ordered.
 {¶ 11} On November 5, 2001, the serviceman from Herman Textiles came to install the draperies. Byars claimed she told him to stop installing the drapes because they were the wrong color. The man refused, however, because he already removed the original drapes. Byars thereafter called Herman and told him she would not pay for the drapes because they were the wrong color.
 {¶ 12} Byars admits that the copy of the order indicates the color Seabreeze was ordered. However, Byars claims the drapes were not the color she had chosen because they are blue. She intended for the drapes to match the carpet. The swatch of the Seabreeze-colored fabric was admitted into evidence.
 {¶ 13} Byars' daughter, Linda Byars Wallace, testified there is green carpeting and green walls in her mother's living room. According to her, her mother desired new drapes because she had recently repainted the walls. Her mother told her the swatch she picked out matched the old drapes. Wallace called Herman four times to complain on behalf of her mother, who was distressed that the drapes did not match. Wallace contends that Herman did not return her calls.
 {¶ 14} Herman testified that Herman Textiles Company, Inc. is an Ohio corporation which specializes in custom window treatments. According to Herman, his grandfather started the business. Herman's father owned the business for over sixty years until 2002, when he passed away. Herman has been in the business for thirty years, and prior to his father's passing, was the vice president of the company. He admits as owner, he makes all the decisions for the company.
 {¶ 15} Herman stated that Byars had called him desiring to order drapes. He later went to Byars' home, where he claims the two of them previewed a large selection of samples. According to Herman, Byars chose Seabreeze as the color of the drapes. He recalled he told her the sample did not match the carpet, but Byars told him not to worry because she was going to replace the carpet in two years.
 {¶ 16} Herman remembered receiving a message from Byars on the date the drapes were installed. He claims he called her back that afternoon and stopped by Byars' house that same day. According to Herman, Byars claimed the curtains were blue, not green. Herman still maintains the curtains are green.
 {¶ 17} According to Herman, Byars had made a down payment of $2,050 for the curtains which cost $2,996. The balance remains unpaid.
 {¶ 18} Carl Stringfield installed the drapes and although he claims he cannot recall having a conversation with Byars, he stated if she had told him to stop installing the drapes, he would have abided by her demand
 {¶ 19} After hearing the above evidence, the trial court recessed for a short period of time for the parties to attempt to reach settlement. The parties were unable to settle. The trial court subsequently entered judgment in favor of Byars for $2,050.
 {¶ 20} In his first assigned error, Herman argues the trial court erred in holding him personally responsible for payment on the judgment. Byars sued Herman personally, and failed to name the corporation as a defendant in the complaint.
 {¶ 21} Officers of a corporation will generally not be held individually liable on contracts they enter into on behalf of the corporation unless they bind themselves individually.[4]
Whether an officer is bound individually depends upon the intent of the parties.[5] The corporate officer has a responsibility to clearly identify the capacity in which the officer is dealing in a specific transaction. The failure to do so will expose the corporate officer to individual liability on the resulting contract.[6] In the present case, there was no evidence showing that Herman intended to be bound personally. The order was written on a corporate order form and Byars admitted that she contacted Herman at the company location and that all subsequent calls to him were made at this location. Although Byars contends Herman told her that he was the owner of the company, Herman contends his father was the owner until 2002.
 {¶ 22} Furthermore, assuming Herman told Byars he was the owner, this alone is insufficient to hold him personally liable. Byars failed to present evidence which would allow her to "pierce the corporate veil" and hold Herman liable.[7] To pierce the corporate veil and impose personal liability on a shareholder, the burden is on the party seeking to pierce the corporate veil to prove, by a preponderance of the evidence that:
 {¶ 23} "* * * (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong."[8]
 {¶ 24} The first prong of the Belvedere test is basically the "alter ego doctrine."[9] The factors used to determine if the individual and corporation are indistinguishable include: (1) whether corporate formalities were observed; (2) whether corporate records were kept; (3) whether corporate funds were commingled with personal funds; and (4) whether corporate property was used for a personal purpose.[10]
 {¶ 25} No evidence existed that the corporation was Herman's "alter ego." Although Herman is presently the owner of the company, Byars failed to present evidence of whether the corporation includes other members or shareholders, whether the corporate funds were commingled with Herman's personal funds, whether corporate formalities were adhered to or corporate records kept. The burden was on Byars to submit such proof.[11]
 {¶ 26} Therefore, based on our review of the record, Herman could not be held personally liable. Furthermore, because Byars failed to name the corporation as a defendant, the trial court's judgment must be reversed in its entirety. Herman's first assigned error has merit and is sustained.
 {¶ 27} Because of our disposition of the first assigned error, errors two and three are moot and need not be addressed.[12]
Judgment reversed, and enter judgment for Joel Herman.
Cooney, J., and Rocco, J., concur.
[1] Byars originally filed suit against Herman on June 26, 2002, but voluntarily dismissed the case.
[2] On April 17, 2003, the trial court dismissed for want of prosecution the case against Jack Herman since service was not perfected on him.
[3] At the same time, Byars also ordered blinds for her mother's bedroom. About a week later, she also ordered blinds for her sun room. Byars admits she is happy with these orders.
[4] Dietz-Britton v. Smythe, Cramer Co. (2000),139 Ohio App.3d 337, 352; Hommel v. Micco (1991), 76 Ohio App.3d 690,697; Centennial Ins. Co. of New York v. Vic Tanny Internatl. ofToledo, Inc. (1975), 46 Ohio App.2d 137, 142.
[5] Centennial Ins., supra, at 142.
[6] Hommel, supra, at 697. See, also, Spicer v. James
(1985), 21 Ohio App.3d 222, 223.
[7] See LeRoux's Billyle Supper Club v. Ma (1991),77 Ohio App.3d 417, 423.
[8] Belvedere Condominium Assn. v. R.E. Roark Cos., Inc.
(1993), 67 Ohio St.3d 274.
[9] See Sanderson Farms, Inc. v. Gasbarro, 10th Dist. No. 01AP-461, 2004-Ohio-1460; Pikewood Manor, Inc. v. MonterreyConcrete Construction, 9th Dist. No. 03CA008289, 2004-Ohio-440; Willoway Nurseries v. Curdes (Oct. 13, 1999), 9th Dist. No. 98CA007109.
[10] LeRoux's Billyle Supper Club v. Ma (1991),77 Ohio App.3d 417, 425.
[11] University Circle Ctr. Corp. v. Galbreath Co. (1995),106 Ohio App.3d 835, 840; Ohio City Orthopedics, Inc. v. MedicalBilling Receivables, Inc., Cuyahoga App. No. 81930, 2003-Ohio-1881.
[12] App.R. 12(A)(1)(c).