DECISION.
{¶ 1} Plaintiff-appellant The Big H, Inc., sued defendant-appellee Danny Shane Watson and his company, Dan Comm Communications, for breach of a commercial lease. The trial court held that Watson could not be held individually liable for any breach of the contract. We reverse.
 I. Danny's Two Way {¶ 2} Watson's father, Danny Michael Watson, began a business, Danny's Two Way Communications, Inc., around 1985. The trade name for the corporation was Dan Comm Communications. As a communications business, through the years it dealt in CB radios, commercial two-way radios, pagers, and then cell phones. Around 1998, Danny Sr. and Watson's mother divorced, and Danny Sr. turned over his entire interest in the business to her. Watson, along with his mother and sister, attempted to run the business for several years, but sales declined, and they eventually had to close it down.
 {¶ 3} Danny Sr. had begun renting commercial space from the Big H in 1993. The lease named "Danny Watson" as the tenant. In 1997, Danny Sr. and The Big H extended the lease agreement. In 2000, the lease was again extended. On this extension, the named tenant on the lease was "Danny Watson dba Dan Comm Communications," and Watson signed instead of his father.
 {¶ 4} In 2002, the lease agreement was again extended. This third extension of the lease is the contract at issue in this case. As before, the named tenant was "Danny Watson dba Dan Comm Communications." For the signature, Watson signed his name. Under the signature, the lease printed "Title," and Watson wrote "V.P." There was no mention in the original lease or any of the subsequent lease extensions of the business's corporate name, Danny's Two Way Communications, Inc.
 {¶ 5} Beginning in October 2002, the rent went unpaid, and The Big H sued Watson individually and dba Dan Comm Communications. Watson, as an individual, moved to be dismissed, arguing that he had not signed the lease in his individual capacity. The trial court agreed and dismissed Watson individually from the case.
 II. Individual Liability {¶ 6} The Big H now advances two assignments of error on appeal, essentially arguing that Watson's signature on the lease extension in question made him individually liable for the breach-of-contract claim.
 {¶ 7} It is undisputed law that when an agent signs a contract as an individual without adding the name of the principal, the agent is personally bound by the contract.[1] Similarly, a corporate officer is responsible for clearly identifying the corporation for which the officer is signing, or the officer is exposed to individual liability.[2] A corporate officer cannot simply provide his or her official title — the officer must write the corporate name.[3] The typical format to avoid individual liability is "company name, individual's signature, individual's position."[4]
 {¶ 8} If a corporate officer executes a contract in a way that indicates personal liability, then that officer is personally liable regardless of his or her intention.[5]
Furthermore, under the parol evidence rule, if a contract is unambiguous, a court should not use extrinsic evidence to interpret the contract.[6]
 {¶ 9} With these rules in mind, the facts of this case clearly indicate that Watson assumed personal liability under the contract. The corporate name of "Danny's Two Way Communications, Inc.," appears nowhere in the contract. The named tenant is identified only as "Danny Watson dba Dan Comm Communications." Even on the signature line, Watson signed his own name without identifying any corporate entity.
 {¶ 10} Though Watson did write "V.P." below his signature, this was not enough to avoid individual liability. Watson needed to identify that he was signing for the corporation by writing the corporate name and then signing his name along with his title.
 {¶ 11} There is testimony in the record showing that Watson believed he was obligating only the corporation, not himself personally. But as the Ohio Supreme Court stated over one hundred years ago, "Parol evidence is not admissible to add a party to the instrument who does not appear upon its face."[7]
 {¶ 12} Furthermore, the contract on its face is unambiguous. Danny Watson was identified as the tenant and Danny Watson signed the lease. Therefore, we cannot consider anything beyond the four corners of the lease in determining whether Watson was personally liable. He was.
 {¶ 13} We sustain The Big H's two assignments of error, reverse the trial court's judgment, and remand the case to the trial court for further proceedings.
Judgment reversed and cause remanded.
Hildebrandt, P.J., and Gorman, J., concur.
[1] See Aungst v. Cheque (1905), 72 Ohio St. 551, 553-554,74 N.E. 1073; Bank v. Cook (1882), 38 Ohio St. 442, 444.
[2] See Aungst v. Creque, supra.
[3] Id.
[4] Id.
[5] See Spicer v. James (1985), 21 Ohio App.3d 222, 223,487 N.E.2d 353.
[6] See Gray Printing Co. v. Blushing Brides, LLC, 10th Dist. No. 05AP-646, 2006-Ohio-1656, at ¶ 27; Busler v. D HManufacturing, Inc. (1992), 81 Ohio App.3d 385, 390,611 N.E.2d 352.
[7] Bank v. Cook, supra.