DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Toledo Municipal Court that granted summary judgment in favor of appellee-tenant on appellant-landlord's action seeking possession of the premises and damages for unpaid rent. For the reasons that follow, the judgment of the trial court is reversed.
 {¶ 2} Appellant sets forth the following assignment of error: *Page 2 
 {¶ 3} "The trial court erred in granting Defendant's Motion for Summary Judgment and releasing Patricia Parker from individual liability for amounts owed to Plaintiff under the Guaranty."
 {¶ 4} In May 2005, appellee Patricia Parker d/b/a Horizons Computer Training and Employability Center, LLC ("Horizons") entered a lease agreement with appellant Westgate Village Shopping Center ("Westgate"). It is undisputed that Horizons eventually fell behind in the rent. In February 2007, Westgate filed a complaint seeking to evict Horizons and for damages against Horizons as tenant and Parker as guarantor. In dispute was Parker's personal liability under the guaranty as well as the amount of damages. In August 2007, Parker filed a motion for summary judgment seeking a determination that she was not personally liable on the landlord-tenant agreement. Westgate responded with a memorandum in opposition to Parker's motion and its own summary judgment motion. The trial court determined that the issue of damages was inappropriate for summary judgment. On the issue of personal liability, the trial court found that the lease agreement disallowed liability for representatives of either Horizons or Westgate, and that Parker was therefore not liable for any unpaid rent.
 {¶ 5} An appellate court must employ a de novo standard of review of the trial court's summary judgment decision, applying the same standard used by the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds *Page 3 
can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
 {¶ 6} In its sole assignment of error, appellant asserts that individual liability cannot be defeated by entering a title below a signature and that, to avoid personal liability, a guarantor must specifically reference the principal for which he or she is signing as agent, which Parker did not do.
 {¶ 7} When the parties entered into the lease agreement, they created a separate guaranty agreement. Under that agreement, the "undersigned" gave a guarantee to pay rent and other costs associated with the lease agreement. Parker signed the guaranty as "Patricia Parker" and wrote only the words "Executive Director" immediately beneath her signature. This was not sufficient to avoid personal liability.
 {¶ 8} This issue has been addressed previously by our court. InS-S-C Company v. Hobby Center (Dec. 4, 1992), 6th Dist. No. L-92-049, the guarantor to a lease agreement wrote "President" beneath her signature on the guaranty. This court noted that "the general rule of interpretation governing this kind of signature is that such words as `president' are merely descriptive of the character or capacity of the person signing the document" and do not allow the individual signing the guaranty to "deny the personal liability imposed by the clear and unambiguous language of that guaranty." See, also, The Big H, Inc. v.Watson, 1st Dist. No. C-050424, 2006-Ohio-4031 (writing "V.P." below signature on commercial lease not sufficient to avoid individual liability). *Page 4 
 {¶ 9} Based on the foregoing, this court finds that the trial court improperly granted summary judgment in appellee's favor and, accordingly, appellant's sole assignment of error is well-taken.
 {¶ 10} On consideration whereof, the judgment of the Toledo Municipal Court is reversed and this matter is remanded to the trial court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1