[Cite as *LexisNexis v. Murrell*, 2019-Ohio-3293.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LEXISNEXIS | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28293 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-4310 |
| | : | |
| PATRICIA MURRELL, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of August, 2019.

. . . . . . . . . .

MICHAEL W. SANDNER, Atty. Reg. No. 0064107, 2700 Kettering Tower, Dayton, Ohio
45423
    Attorney for Plaintiff-Appellee

PATRICIA MURRELL, Atty. Reg. No. PHV-20631-2019, 572 Riley Road, New Windsor,
New York, 12553
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Patricia Murrell d/b/a Law Office of Murrell & Associates and the Law Office of Murrell & Associates, LLC ("the appellants") appeal from the trial court's entry of summary judgment against them on appellee LexisNexis' complaint alleging breach of contract for non-payment under a subscription agreement.

{¶ 2} The appellants advance four assignments of error. First, they contend the trial court erred in entering summary judgment where LexisNexis failed to meet its prima facie burden under Civ.R. 56 of demonstrating the absence of a genuine issue of material fact. Second, they claim the trial court erred in entering summary judgment where LexisNexis failed to present evidence establishing that it had performed its own obligations under the subscription agreement. They also argue that the trial court overlooked a genuine issue of material fact regarding LexisNexis' performance. Third, they assert that the trial court erred in failing to view the evidence and reasonable inferences related to conflicting "forum-selection clauses" in a light most favorable to them. Fourth, they argue that the trial court erred in failing to consider evidence that LexisNexis incorrectly had named "Patricia Murrell" as a defendant.

{¶ 3} The record reflects that attorney Patricia Murrell signed a subscription agreement with LexisNexis for online legal-research services in January 2016. Murrell's monthly payments went into arrears around August 2016 and her account remained delinquent in March 2017, when LexisNexis "interrupted" her service due to non-payment. Thereafter, LexisNexis commenced the present lawsuit in September 2017 with a complaint alleging breach of contract. LexisNexis identified the defendant as "Patricia Murrell dba Law Office of Murrell & Associates." In her answer, which included affirmative

defenses, Murrell argued, among many other things, that LexisNexis itself had failed to perform under the contract by repeatedly and continually failing to provide her with accessible online legal-research services. More specifically, Murrell alleged that beginning in January 2016 and continuing through the summer of 2017, LexisNexis failed to make its services available to her and failed to provide her with access to the data bases to which she had subscribed. LexisNexis later amended its complaint to add as a defendant the "Law Office of Murrell & Associates, LLC."

{¶ 4} On November 2, 2018, LexisNexis moved for summary judgment, relying primarily on an affidavit from Amy Rountree, one of its customer-account representatives. LexisNexis argued that the parties had entered into a contract, it had provided service as required under the contract, and the appellants had failed to pay for the service as agreed. The appellants opposed summary judgment, arguing inter alia that LexisNexis had failed to perform its contractual obligations by not making its subscription services available or accessible to them.

{¶ 5} On January 17, 2019, the trial court sustained LexisNexis's motion and entered summary judgment against the appellants on LexisNexis's complaint. (Doc. # 71.) In support of its decision, the trial court reasoned in part as follows:

> In the case at bar, the Court finds that the parties entered into a valid written contract (Exhibits A, B and C to Ms. Rountree's Affidavit.) [footnote omitted]. Defendants breached the Contract by failing to pay for the online legal services in accordance with the Price Schedule. Defendants' opposition to the motion for summary judgment on Plaintiff's breach of contract is confusing and sets forth propositions that are conclusory. For

example, Defendants' claim that Ms. Rountree's [affidavit] is insufficient to support summary judgment is inaccurate. The Rountree Affidavit properly authenticates the Contract, sets forth Defendants' failure to pay, and establishes the amount due and owing. In response to this evidence, Murrell makes her own conclusory statements that she wasn't given the terms of the Contract, which was in fact signed by her as the owner of the Law Office of Murrell and Associates, and that Plaintiff committed some sort of fraud in its zealous pursuit of her as [a] client for online services.

* * * Defendants' assertion that the Contract was not provided to them is without merit. Furthermore, Defendants' general contention that there was some sort of fraud in the inducement on Plaintiff's part has no facts to support the claim. It is not lost on this Court that Murrell is an attorney. She executed a document and is responsible to know the terms of the document she signed.

Likewise, Defendants' breach has been established. While Defendants argue that Plaintiff stopped providing services, Ms. Rountree's Affidavit establishes, and this point is not disputed by Defendants, that services were terminated only after Defendant's account became delinquent.

Finally, Plaintiff has established its damages. There is no dispute that Plaintiff provided online legal services to Defendant for a period of time at a monthly rate of $0.00 in anticipation of future payments under the Contract. Further, services for which Defendant was responsible under the Price

Schedule to pay a fee were rendered and not paid for.

Based on the foregoing, the Court finds that no genuine issue of material fact exists for trial, and Plaintiff is entitled to the amount of the delinquent payments and accelerated amount under the contract for a total of $5,378.31 under the minimum payment schedule set forth in the Contract, plus interest at the rate of 15% per annum pursuant to the terms of the Contract.

(*Id.* at 4-5.)[1]

{¶ 6} In their first two assignments of error, the appellants challenge the merits of the trial court's summary judgment decision. In their first assignment of error, they challenge the sufficiency of Rountree's affidavit to make a prima facie showing of breach of contract. In their second assignment of error, they contend that LexisNexis failed to establish its performance and that the trial court overlooked a genuine issue of material fact as to whether LexisNexis had performed its own obligations under the contract by its repeated and ongoing failure to provide the appelants with access to the online research services to which they had subscribed.

{¶ 7} In response to the first two assignments of error, LexisNexis asserts that Rountree's affidavit was sufficient to satisfy its initial burden. With regard to its own performance under the contract, LexisNexis states: "Again, nowhere in anything submitted by the Appellants do the Appellants deny having received services from Appellee. Thus, there is no dispute that Appellee has performed under the contract."

---

[1] In addition to the amount due under the contract, the trial court awarded LexisNexis attorney fees of $6,510.50 and court costs of $331.50.

(Appellee's brief at 7.) Later in its brief, LexisNexis argues: "As the party moving for summary judgment, Appellee correctly relied on the Affidavit of Amy Rountree to demonstrate that Appellee rendered services. Nowhere in anything submitted by the Appellants, including her [sic] brief, do the Appellants deny having received services from Appellee or refute this fact." (*Id.* at 9.)

**{¶ 8}** Contrary to the foregoing assertions, one of the appellants' primary arguments below was that LexisNexis *had not* satisfied its contractual obligation to provide them with online legal-research services. In opposition to summary judgment, Murrell provided affidavits in which she averred:

14. The Defendant(s) have established, through its defenses and affirmative defenses set forth in its Answer and various subsequent responsive documents proffered thereunder that *the Plaintiff materially breached the terms of the Subscription Agreement by repeatedly failing to make its online services available for use by Defendant. Specifically, Plaintiff failed to comply with provision 6.2 of the Subscription Agreement, which required Plaintiff to provide the Defendant with access to and use of LexisNexis Advance, including NY Enhanced – New York Core Offerings, together with NY Briefs, Pleadings and Motions (together, the "Subscription Services").*

15. *The Defendant(s) have provided this Court with the names of various Plaintiff's employees \* \* \* all of whom failed to make the Subscription Services available for the Defendant's use, despite a contractual promise to do so \* \* \* including, inter alia, Douglas Aller, Stacey Bales, Missy*

*Cottongim, Mykhan I. Pascual and Jho-Anne Simbillo.*

*16. Defendant(s) repeatedly notified Plaintiff from January 2016 through and including June 2017 that the Defendant had experienced significant difficulty accessing and/or using the Subscription Services, which the Plaintiff continued to knowingly and materially misrepresent would be made available * * *.*

*17. The Plaintiff failed to perform its obligations under the Subscription Agreement, which consequently denied the Defendant from gaining access to and use of the Subscription Services*, thereby estopping the Defendant(s) from performing its obligations thereunder.

(Emphasis added.) (Patricia Murrell affidavits in support of Memorandum Contra Plaintiff's Motion for Summary Judgment, Doc. # 59 and 60.)

{¶ 9} The essence of the appellants' argument, which was not directly acknowledged or addressed by LexisNexis below, was that they stopped paying their monthly bill because they experienced significant and repeated difficulty accessing or using the online legal-research services from January 2016 through June 2017 and LexisNexis never corrected the problem. The elements of a breach-of-contract action include the existence of a contract, performance by the plaintiff, breach by the defendant, and damages. *Carpenter v. Long*, 196 Ohio App.3d 376, 2011-Ohio-5414, 963 N.E.2d 857, ¶ 220 (2d Dist.). Construing Murrell's affidavits in a light most favorable to her, we believe they were sufficient to create a genuine issue of material fact as to whether LexisNexis performed its own obligations under the contract.

{¶ 10} Although the above-referenced portions of Murrell's affidavits were not

specifically addressed, the trial court's summary judgment ruling indicated that Murrell had made "conclusory" arguments. (Doc. # 71 at 4.) Likewise, LexisNexis criticized Murrell below for "simply disagreeing and filing self-serving affidavits denying her liability to the Plaintiff." (Doc. # 66 at 8.) In our view, however, Murrell's affidavits were not inappropriately self-serving or conclusory.

{¶ 11} In *Smith v. CBert Properties, LLC*, 2d Dist. Montgomery No. 28058, 2019-Ohio-12, we recently rejected an argument that a party's own affidavit opposing summary judgment was too self-serving and conclusory to establish a genuine issue of material fact. We reasoned that a party's own affidavit is appropriate provided that it does more than present "conclusory assumptions" and that it sets forth matters within the affiant's personal knowledge. *Id*. at ¶ 11. In our view Murrell's affidavit satisfied these requirements. In the portions of the affidavit quoted above, she averred that she spoke with a number of LexisNexis employees over a 17-month period about her repeated inability to access, or significant difficulty accessing, legal-research databases that LexisNexis was contractually obligated to make available. Murrell specifically identified the time frame at issue, the employees with whom she spoke, and the databases that LexisNexis failed to make available. These averments, construed most favorably to the appellants, were sufficient to rebut LexisNexis' claim that it had performed its obligations under the contract. For summary-judgment purposes nothing more was required. Murrell's affidavit alone was sufficient to create a genuine issue of material fact on LexisNexis' breach-of-contract claim solely with regard to the issue of whether LexisNexis performed under the contract. Accordingly, we sustain the second assignment of error insofar as it raises a question of whether or to what extent LexisNexis performed under

the contract.

{¶ 12} Our analysis and resolution of the second assignment of error, finding only that the appellants raised genuine issues of material fact regarding LexisNexis' performance, leads us to overrule the first assignment of error, which addresses whether LexisNexis met its initial burden under Civ.R. 56. If we had concluded that LexisNexis failed to meet its initial burden, then logically we should grant the first assignment of error and find the second moot. Our holding above, however, does render moot the fourth assignment of error, which challenges the trial court's entry of summary judgment against *both* Murrell "dba Law Office of Murrell & Associates" *and* the "Law Office of Murrell & Associates, LLC." The appellants contend the parties agree that the only proper defendant in this case is the limited-liability company, not Murrell personally in a "dba" capacity. Because we are reversing the trial court's entry of summary judgment, however, a final judgment does not now exist. On remand, Murrell is free to pursue her argument about being removed from the case in a "dba" capacity. The first assignment of error is overruled and the fourth assignment of error is overruled as moot.

{¶ 13} In their third assignment of error, the appellants contend the trial court failed to acknowledge or consider the existence of "conflicting forum-selection clauses" in the parties' contract. In light of this unresolved conflict, they ask us either to dismiss LexisNexis' complaint with prejudice or to "remand the case for a jury trial in New York." (Appellants' brief at 24.)

{¶ 14} Upon review, we find the appellants' argument to be unpersuasive. The parties' contract contains one forum-selection clause, requiring actions for non-payment to be brought in Montgomery County, Ohio. What the appellants cite are allegedly

conflicting choice-of-law provisions regarding the application of Ohio law or New York law. Even assuming, arguendo, that a choice-of-law conflict exists, the appellants have not shown how it makes any difference here. The elements of a breach-of-contract action are the same in Ohio and New York. *See Canzona v. Atanasio*, 118 A.D.3d 837, 838, 989 N.Y.S.2d 44, 47 (2014) (noting that under New York law the elements of a breach-of-contract action are the existence of a contract, the plaintiff's performance, the defendant's breach, and damages). In any event, the allegedly conflicting choice-of-law provisions provide no grounds for dismissing LexisNexis' complaint with prejudice or "remanding" the case to New York. The third assignment of error is overruled.

{¶ 15} Having sustained the appellants' second assignment of error finding there are genuine issues of material fact regarding whether LexisNexis performed under the agreement, we reverse the trial court's entry of summary judgment against them and remand the cause for further proceedings.

. . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Michael W. Sandner
Patricia Murrell
Hon. Barbara P. Gorman