[Cite as *LexisNexis, A Div. of Relx Inc. v. Murrell*, 2022-Ohio-550.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LEXIS NEXIS, A DIVISION OF RELX INC. | : | |
| | : | |
| | : | Appellate Case No. 29211 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2017-CV-4310 |
| v. | : | |
| | : | (Civil Appeal from |
| PATRICIA MURRELL, et al. | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 25th day of February, 2022.

. . . . . . . . . . .

MICHAEL A. SANDNER, Atty. Reg. No. 0064107, 2700 Stratacache Tower, Dayton, Ohio 45423
    Attorney for Plaintiff-Appellee

PATRICIA L. MURRELL, PHV-20631-2019, 572 Riley Road, New Windsor, New York 12553
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** Patricia Murrell and the Law Offices of Murrell & Associates, LLC, appeal from the trial court's judgment against Murrell individually and in favor of LexisNexis on its breach of contract claims.   For the following reasons, the trial court's judgment will be affirmed.

### I. Facts and Procedural History

**{¶ 2}** Patricia Murrell, an attorney licensed in the State of New York, is the owner of a law practice named the Law Offices of Murrell & Associates, LLC. (The trial court found that Murrell was the owner of a corporate entity named the Law Office of Patricia Murrell, LLC, but there is no support for this finding.)   LexisNexis provides online legal research services.

**{¶ 3}** According to the trial court's factual findings following the bench trial, on January 4, 2016, Murrell executed, through Docusign, the "Lexis Advance® Agreement for Law Firms" and a "Contract Addendum."   This Agreement incorporated by reference the Subscription Agreement found at http://www.lexisnexis.com/terms/LA/Commercial/, which included the "General Terms" and the "Price Schedule" (collectively, the "Subscription Agreement").   The Subscription Agreement identified the subscriber as "Law Office of Murrell and Associates" (without the LLC designation) and indicated that the subscriber was comprised of one attorney.   On the signature page, Murrell signed as the Owner/Attorney of the subscriber.   Murrell was listed as the contact for installation, billing, policy/legal notification, and scheduling/training.

**{¶ 4}** Pursuant to the terms of the Subscription Agreement, LexisNexis agreed to provide Murrell with access to its online legal products entitled "NY Briefs, Pleadings &

Motions" and "NY Enhanced" (collectively, the "subscribed services") via a username and password for a term of five years commencing January 2, 2016. The five-year term constituted the "Committed Term" of the Subscription Agreement. Murrell's monthly fee was scheduled to increase over the course of the five-year Committed Term:

| Subscription Period | Monthly Fee |
|---|---|
| January 2, 2016 - February 29, 2016 | $0.00 |
| March 1, 2016 – February 28, 2017 | $50.00 |
| March 1, 2017 – February 28, 2018 | $121.00 |
| March 1, 2018 – February 28, 2019 | $127.05 |
| March 1, 2019 – February 29, 2020 | $133.40 |

{¶ 5} Murrell stopped making payments in June or July 2016 (Tr. 21), and her account fell into arrears. LexisNexis submitted evidence of unpaid invoices dated August 31, 2016 through June 30, 2017, showing a total amount due as of June 30, 2017 of $930.09.

{¶ 6} Section 2.7 of the Subscription Agreement permits LexisNexis to accelerate the entire amount due for the Committed Term if charges that are not the subject of a legitimate dispute remain unpaid for more than 75 days after becoming due. The Subscription Agreement further permits LexisNexis to suspend access the subscribed services in such an event. In an invoice dated August 22, 2017, LexisNexis demanded the accelerated payment of all remaining amounts due under the Subscription Agreement in the amount of $4,425.99 ($4,093.40 in monthly fees plus taxes of $332.59), representing July 1, 2017 to February 29, 2020.

{¶ 7} Murrell had the right to terminate the Subscription Agreement during the Committed Term for a "material breach by [LexisNexis] that remains uncured for more than 30 days after [LexisNexis] receives written notice from [Murrell] identifying a specific breach." (Subscription Agreement, paragraph 2.1.) Section 5.3 of the General Terms incorporated by reference into the Subscription Agreement set forth the requirements for written notice.

{¶ 8} The trial court found that, although Murrell exchanged numerous emails and had several telephone calls with LexisNexis customer service representatives between March 1, 2016 and June 30, 2017 about online legal resources that she was not able to access outside of her Subscription Agreement, there was no evidence presented that she was unable to access resources in the subscribed services. Rather, her questions generally dealt with resources for which she had free trials. There are notes from telephone interactions between LexisNexis's representatives and Murrell which indicate that she was unhappy with the cost of the subscribed services and that she was not getting what she thought she would get. Murrell did not give LexisNexis any written notice required under the Subscription Agreement of a material breach by LexisNexis or of her intent to terminate the Subscription Agreement due to a material breach by LexisNexis.

{¶ 9} Pursuant to the Price Schedule of the Subscription Agreement, late payments were subject to a late payment charge of 15% per annum. LexisNexis also was entitled to reasonable attorney's fees if it prevailed in litigation.

{¶ 10} On September 14, 2017, LexisNexis brought suit in the Montgomery County Court of Common Pleas, alleging that Murrell, doing business as the Law Office of Murrell

& Associates, breached the contract by failing to pay for services in the amount of $5,378.31. The company also sought a declaratory judgment as to the parties' obligations under the Subscription Agreement and an order that Murrell was obligated to pay pursuant to the terms of the contract. In an amended complaint, LexisNexis added the Law Office of Murrell & Associates, LLC as a party-defendant.

{¶ 11} In her answer, Murrell denied that she was an individual doing business as a law firm and stated that the Law Offices of Murrell & Associates, LLC was the contracting party. She denied that she or the limited liability company breached the contract with LexisNexis and presented two counterclaims: (1) that LexisNexis had materially breached the agreement; and (2) that LexisNexis had violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692-1692p. The trial court later struck the counterclaims for reasons not relevant to this appeal.

{¶ 12} LexisNexis sought summary judgment on its claims, and on January 17, 2019, the trial court granted the motion. The court found no genuine issue of material fact that the Law Offices of Murrell & Associates breached the contract with LexisNexis and granted the motion as to both defendants. On appeal, we reversed the trial court's ruling, concluding that genuine issues of material fact existed as to whether or to what extent LexisNexis performed under the contract. *LexisNexis v. Murrell*, 2d Dist. Montgomery No. 28293, 2019-Ohio-3293, ¶ 11. Murrell further challenged on appeal the trial court's judgment against both herself (dba the Law Offices of Murrell & Associates) and the Law Offices of Murrell & Associates, LLC. We overruled that assignment of error as moot, commenting that, on remand, "Murrell is free to pursue her argument about being removed from the case in a 'dba' capacity." *Id.* at ¶ 12.

{¶ 13} The matter proceeded to a bench trial on March 9, 2020, during which Murrell and Chad Widener, regional sales manager for LexisNexis, testified, and both parties presented several exhibits. After the trial, the parties filed proposed findings of fact and conclusions of law. In its filing, LexisNexis misidentified Murrell's corporate entity as the Law Office of Patricia Murrell, LLC.

{¶ 14} On November 12, 2020, the trial court found in favor of LexisNexis and against Murrell. In its conclusions of law, the court determined the "Subscription Agreement is a valid contract between [LexisNexis] and Murrell." It concluded that Murrell did not give the required notice to terminate the contract due to a material breach by LexisNexis and that LexisNexis substantially performed its obligations under the Subscription Agreement. The court further ruled that Murrell had breached the agreement by failing to pay amounts due and owing, that the unpaid amounts were not the subject of a legitimate dispute between the parties, and that those amounts remained unpaid for 75 days after becoming due.

{¶ 15} As to the party responsible for payment, the court concluded that Murrell was individually liable under the Subscription Agreement because she did not clearly identify the corporate entity for which she claimed to have signed. The trial court entered judgment against her and in favor of LexisNexis in the amount of $5,365.06, plus interest from August 22, 2017. The entry indicated that a hearing date would be set regarding attorney's fees. Although the trial court's findings of fact and conclusions of law indicated that the trial court did not consider the Law Offices of Murrell & Associates, LLC to be a party to the Subscription Agreement, the trial court did not enter a judgment regarding that defendant.

{¶ 16} Murrell appealed from the trial court's November 12 decision, but we dismissed for lack of a final appealable order.  *LexisNexis v. Murrell*, 2d Dist. Montgomery No. 28980 (Decision & Final Judgment Entry, Jan. 14, 2021).

{¶ 17} While that appeal was pending, the trial court held a hearing on attorney's fees and found that LexisNexis was entitled to attorney's fees of $16,545.  The court entered a purported final judgment specifying the total amounts due and the applicable interest rates.  Murrell appealed the trial court's ruling, but we again dismissed because the trial court lacked jurisdiction to enter its purported final judgment while the prior appeal was pending.  *LexisNexis v. Murrell*, 2d Dist. Montgomery No. 29018 (Decision & Final Judgment Entry, June 16, 2021).

{¶ 18} On July 1, 2021, the trial court rendered judgment in favor of LexisNexis and against Murrell in the amount of $5,365.06 on the breach of contract claim, plus contractual interest of 15 percent per annum from August 22, 2017 through November 12, 2020.  The court also awarded attorney's fees of $16,545.  The court concluded: "With attorney's fees, the total judgment rendered in favor of [LexisNexis] and against [Murrell] is $25,010.57, which judgment shall accrue interest pursuant to this Court's November 12, 2020 Decision, Order and Entry at the statutory rate."  The court also ordered Murrell to pay court costs.  The trial court again did not enter a judgment as to the Law Offices of Murrell & Associates, LLC, but the court included language pursuant to Civ.R. 54(B), making the judgment immediately appealable.

{¶ 19} Murrell and the Law Offices of Murrell & Associates, LLC, appeal from the trial court's judgment, raising four assignments of error.

## II. Breach of Contract

{¶ 20} In their first assignment of error, Murrell and the Law Offices of Murrell & Associates, LLC, claim that the trial court erred in granting judgment in favor of LexisNexis on its breach of contract claims. They argue that LexisNexis failed to provide any evidence that it performed its contractual obligations and, further, that due to LexisNexis's material breach, Murrell was entitled to suspend payment.

{¶ 21} To prove a breach of contract claim, a party must establish (1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damage or loss to the plaintiff. *Becker v. Direct Energy, LP*, 2018-Ohio-4134, 112 N.E.3d 978, ¶ 38 (2d Dist.). "In a civil case, in which the burden of persuasion is only by a preponderance of the evidence, evidence must exist on each element of the claim (sufficiency) and the evidence on each element must satisfy the burden of persuasion (weight)." *John D. Smith Co., L.P.A. v. Lipsky*, 2d Dist. Greene No. 2019-CA-65, 2020-Ohio-3985, ¶ 32, citing *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 19.

{¶ 22} After a civil bench trial, we review the trial court's judgment for whether it is against the manifest weight of the evidence. *Harris v. Sunsong Holdings, Inc.*, 2021-Ohio-1213, 169 N.E.3d 1030, ¶ 9 (2d Dist.). The same manifest weight standard applies in both civil and criminal cases. *Eastley* at ¶ 17; *John D. Smith Co.* at ¶ 33.

{¶ 23} "A weight of the evidence argument challenges the believability of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 12; *see Eastley* at ¶ 19. When reviewing an argument challenging the weight of the evidence, an appellate court may not substitute its view for

that of the trier of fact. Rather, we review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶ 24}** The credibility of the witnesses and the weight to be given to their testimony are primarily matters for the trier of fact to resolve. *John D. Smith Co.* at ¶ 35. Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997).

**{¶ 25}** The parties agreed at trial that, on January 4, 2016, Murrell signed a five-year agreement with LexisNexis for the subscriber identified as "Law Office of Murrell & Associates." The contract provided access to two products: (1) New York's Briefs, Pleadings, and Motions, and (2) New York Enhanced. Widener testified that subscribers receive a permanent ID and password to access the purchased products and that LexisNexis will often provide free temporary access to other products through a temporary password. Murrell acknowledged that she was given a password and also had requested access to products outside of her subscription.

**{¶ 26}** During her own testimony, Murrell stated that, in December 2015, she was given temporary access to various products to see if she might be interested in contracting with LexisNexis. After trying different aspects of the system, Murrell decided that LexisNexis was something that might benefit her law firm and, the next month, she signed

the contract. Soon after, when she was trying to research under the subscription services with her new password, she received a message warning of an additional fee to access the product. Murrell testified that she repeatedly contacted LexisNexis about the difficulty she was having accessing the online services without an additional charge. She indicated that LexisNexis was confused as to why she could not access the system and why they could not resolve the problem. In July 2016, Murrell decided that it made no sense to continue to pay when she had not yet received the services. Murrell stated that she received notice in March 2017 that LexisNexis was temporarily interrupting its services, but she had never been able to use them.

{¶ 27} The call log of Murrell's contacts with LexisNexis customer service personnel, as well as Murrell's email communications, reflect that Murrell primarily had difficulty accessing certain unsubscribed products without costs. On January 11, 2016, Murrell emailed that she could not access Treatise and Forms under a trial program. (Def.'s Ex. 4.) Between January 2 and June 30, 2016, there were six calls described as "Formulating Searches – Constructing Search," but none of the comments related to those calls suggested that Murrell could not access her subscription services. (Def.'s Ex. 3.) In July 2016, Murrell spoke and emailed with Stacey Bales about access to New York Forms for a 24-hour period. (Def.'s Ex. 3, 6.)

{¶ 28} In October 2016, Murrell spoke and emailed with Bales about the contract and what content was included. (Def.'s Ex. 3, 7.) On January 11, 2017, Murrell spoke with Mukhan Pascual, in which conversation she indicated that she could not access something she had paid for on her Lexis Advance account. (Def.'s Ex. 3.) Pascual sent an email to Murrell the same day to follow up. (Def.'s Ex. 10.) There is no indication

that Murrell responded. Murrell emphasized that she had complained in June 2017 that she was not "getting what she was told she would" and that she wanted to cancel her subscription. The call log shows that LexisNexis offered to "rearrange" her content, but Murrell declined. Widener testified that Murrell was unable to cancel her contract unless there had been a breach or it was the end of the five-year contract term.

{¶ 29} Widener testified that he had not seen anything within LexisNexis's documents to reflect that Murrell was unable to access any of her subscribed services. In addition, Widener stated that nothing in LexisNexis's documents indicated that it had received written notice that LexisNexis had materially breached its obligation to provide the subscribed products. Murrell acknowledged during her testimony that she never sent an email expressing her belief that LexisNexis was in material breach of the agreement by not making her subscribed content available to her.

{¶ 30} Monthly invoices were sent to the Law Office of Murrell & Associates, Attn: Patricia Murrell. (See Pl.'s Ex. 7.) The invoice dated October 31, 2016 showed a payment of $111.44, but no other payments were made for invoices dated between August 31, 2016 and June 30, 2017. As of the June 30, 2017 invoice, $930.09 was owed on the account. LexisNexis accelerated the amount due for the remainder of the contract term.

{¶ 31} Upon review of the trial transcript and the parties' exhibits, the trial court reasonably found in favor of LexisNexis on its claims. The parties agreed that Murrell signed a five-year contract on January 4, 2016, pursuant to which LexisNexis was to provide access to two products. A graduated payment schedule was set forth in the contract. LexisNexis indicated that subscribers receive an ID and password, and Murrell

agreed that she received one, as well as a temporary password for other content. Over the next 18 months, Murrell had numerous contacts with LexisNexis personnel, both over the telephone and by email. However, nothing in the exhibits regarding those communications suggests that Murrell lacked access to subscription services and/or that she was unable to access the subscribed content on a consistent, ongoing basis. Murrell testified that LexisNexis failed to provide her access to online services, as required by the Subscription Agreement, but we cannot conclude that the trial court "lost its way" when it concluded that LexisNexis did not materially breach the contract. Finally, the various unpaid invoices established that the subscriber breached the contract, resulting in damages to LexisNexis.

{¶ 32} The first assignment of error is overruled.

### III. Murrell's Individual Liability

{¶ 33} The second, third, and fourth assignments of error all concern whether the trial court properly found Murrell individually liable for the breach of contract. Because the outcomes of these assignments of error do not affect Murrell's limited liability company, we infer them to be raised by Murrell alone. We reiterate that LexisNexis's claims against the Law Offices of Murrell & Associates, LLC. remain pending.

{¶ 34} In her second assignment of error, Murrell claims that the trial court erred in entering judgment against her individually because LexisNexis recognized during the course of the litigation that the Law Offices of Murrell & Associates, LLC, was the appropriate defendant. Correspondingly, in her third assignment of error, Murrell claims that the trial court erred in concluding that she could be held responsible individually, as a principal of the limited liability company, for the company's contractual obligation. She

states that the "contract was conclusively signed" by her solely on behalf of the limited liability company. Additionally, in her fourth assignment of error, Murrell claims that "Law Office of Patricia Murrell, LLC" has never existed and, therefore, the trial court erred in holding Murrell individually liable for the alleged liabilities of that non-existent company.

{¶ 35} At trial, Murrell testified that she is the owner and sole member of the Law Offices of Murrell & Associates, LLC, which has been registered with the State of New York since 2004. (Tr. 10, 15, 117.) She indicated that Douglas Aller of LexisNexis had sent a proposed contract, which named the wrong entity as subscriber (Pat Murrell), and she had asked him to correct it. (Tr. 15.) The subscriber on the Subscription Agreement was identified as "Law Office of Murrell & Associates," and Murrell testified that the contract was between LexisNexis and the limited liability company, not with her. (Tr. 15.) She explained that "LLC" was not included on the Subscription Agreement because, as she was told by Aller, the text box did not have enough space to include it. (Tr. 16.)

{¶ 36} We note that, in their joint answer, Murrell and the Law Offices of Murrell & Associates, LLC admitted that the Law Offices of Murrell & Associates, LLC had entered into the Subscription Agreement with LexisNexis. (Nov. 9, 2017 Answer at ¶ 3-4; Apr. 2, 2018 Answer at ¶ 3, 5. *See also* Nov. 26, 2018 Affidavit of Patricia Murrell at ¶ 12e-j.) That statement constituted a judicial admission, which was binding at trial. *See Gerrick v. Gorsuch*, 172 Ohio St. 417, 420, 178 N.E.2d 40 (1961) ("It is elementary that a party who has alleged and has the burden of proving a material fact need not offer any evidence to prove that fact if it is judicially admitted by the pleadings of the adverse party.").

{¶ 37} In its November 12, 2020 decision, the trial court nevertheless found that

Murrell was "the owner of a corporate entity named the Law Office of Patricia Murrell, LLC." The court further found that "[t]he Subscription Agreement identified the subscriber name as 'Law Office of Murrell and Associates' and not the corporate entity named the Law Office of Patricia Murrell, LLC."

{¶ 38} In concluding that Murrell was individually liable for the breach of contract, the trial court reasoned, in part:

5. Generally, a corporate officer signing a contract is not individually liable, "[h]owever, if a corporate officer executes an agreement in a way that indicates personal liability, then that officer is personally liable regardless of [her] intention." *Centennial Ins. Co. of New York v. Vic Tanny Internatl. of Toledo, Inc.*, 46 Ohio App.2d 137, 140-142, 346 N.E.2d 330 (6th Dist. 1975).

6. "It is undisputed law that when an agent signs a contract as an individual without adding the name of the principal, the agent is personally bound by the contract. Similarly, a corporate officer is responsible for clearly identifying the corporation for which the officer is signing, or the officer is exposed to individual liability." *The Big H, Inc. v. Watson*, 2006-Ohio-4031, P7 (1st Dist.) * * *

7. The Subscription Agreement is a valid contract between Plaintiff and Murrell.

8. Murrell did not sign the Subscription Agreement on behalf of the corporate entity Law Office of Patricia Murrell, LLC. Even if the Law Office of Murrell and Associates is a dba of the corporate entity, Murrell did not clearly identify the corporate entity for which she claims to have signed. As

a result, Murrell is liable for amounts due under the Subscription Agreement.

{¶ 39} The trial court's final judgment, rendered on July 1, 2021, entered judgment against Murrell alone.

{¶ 40} The trial court clearly erred when it found that Murrell's law firm was named the Law Office of Patricia Murrell, LLC.   No evidence was presented at trial to support that factual finding.   To the contrary, Murrell consistently stated that she is the owner and sole member of the Law Offices of Murrell & Associates, LLC, which has been registered with the State of New York since 2004.   The trial court's finding to the contrary was against the manifest weight of the evidence.

{¶ 41} Additional conclusions by the trial court – specifically, that the Subscription Agreement was entered between LexisNexis and Murrell, and apparently not between LexisNexis and the Law Offices of Murrell & Associates, LLC – appear to have been tainted by the trial court's erroneous finding that Murrell's limited liability company was named the Law Offices of Patricia Murrell.   The trial court specifically found that Murrell did not sign the Subscription Agreement on behalf of the Law Office of Patricia Murrell, LLC.   It did not address whether Murrell had signed the agreement on behalf of the Law Offices of Murrell & Associates, LLC.

{¶ 42} Upon review of the evidence at trial and considering the judicial admissions in the answer, the manifest weight of the evidence establishes that Murrell is the owner and sole member of the Law Offices of Murrell & Associates, LLC.   However, even assuming that Murrell signed the Subscription Agreement on behalf of the Law Offices of Murrell & Associates, LLC (as Murrell and the limited liability company maintain), such conduct did not preclude Murrell from also being individually liable.   The trial court found

that the way in which Murrell signed the Subscription Agreement rendered her individually liable for the breach of contract. We agree.

{¶ 43} A limited liability company is a hybrid business entity that shares attributes of both a corporation and a partnership. *Dart v. Katz*, 2d Dist. Montgomery No. 28913, 2021-Ohio-1429, ¶ 43; *Garcia v. Garcia*, 187 A.D.3d 859, 133 N.Y.S.3d 631, 634 (2020). A limited liability company is owned by its members. *See* R.C. 1705.01(G); NY Limited Liability Co Law 102(q).

{¶ 44} Under both Ohio and New York law, the management of a limited liability company is vested in its members and may be designated by the members to a manager. *See* R.C. 1705.25; NY Limited Liability Co Law 401, 408. "Whether the management of the company is reserved to its members or, by authority of an operating agreement, vested in a manager, a member or manager may act as an agent of the company." *Germano v. Beaujean*, 2013-Ohio-3846, 997 N.E.2d 1238, ¶ 28 (6th Dist.); *Dart* at ¶ 44. "Acts of an agent done within the discharge of [his or] her duties and within the scope of [his or] her authority, whether the authority is express, implied, or apparent, are binding on the principal." *Vienna Beauty Prods. Co. v. Cook*, 2015-Ohio-5017, 53 N.E.3d 808, ¶ 7 (2d Dist.).

{¶ 45} " 'Generally, a party signing a contract as a corporate officer is not individually liable. However, if a corporate officer executes an agreement in a way that indicates personal liability, then that officer is personally liable regardless of his [or her] intention. Whether a corporate officer is personally liable upon a contract depends upon the form of the promise and the form of the signature.' " *Baltes Commercial Realty v. Harrison,* 2d Dist. Montgomery No. 23177, 2009-Ohio-5868, ¶ 54, quoting *Spicer v.*

*James*, 21 Ohio App.3d 222, 223, 487 N.E.2d 353 (2d Dist.1985).

**{¶ 46}** We have commented that "[t]he typical format to avoid individual liability is company name, individual's signature, individual's position." *John D. Smith Co.,* 2d Dist. Greene No. 2019-CA-65, 2020-Ohio-3985, at ¶ 40, quoting *The Big H, Inc. v. Watson*, 1st Dist. Hamilton No. C-050424, 2006-Ohio-4031, ¶ 7, citing *Aungst v. Creque*, 72 Ohio St. 551, 556, 74 N.E. 1073 (1905) and *Ohio Natl. Bank v. Cook*, 38 Ohio St. 442, 444 (1882). "Previous decisions have found individual liability when a party signs a contract without stating that the party is signing in his [or her] corporate capacity for a corporation." *Ikerd Scuba Ents., L.L.C. v. Lakes*, 2d Dist. Montgomery No. 25704, 2014-Ohio-533, ¶ 12.

**{¶ 47}** In this case, the signature block on page 3 of the Lexis Advance® Agreement for Law Firms showed:

| Subscriber: Law Office of Murrell & Associates | |
| --- | --- |
| [ALL FIELDS BELOW MUST BE COMPLETED BY SUBSCRIBER] | |
| **A. Total Number of Attorneys (Excluding 'Of Counsel Attorneys'):** | 1 |
| **B. Number of 'Of Counsel Attorneys' Receiving LN IDs:** | 0 |
| **Reference Number (A + B):** | 1 |
| **Authorized Subscriber Signature:** | [DocuSigned by Patricia Murrell] |
| **Printed Name:** | Patricia Murrell |
| **Job Title**: | Owner/Attorney |
| **Date:** | 1/4/2016   \|   12:52:18 ET |

Murrell signed the Contract Addendum similarly.

**{¶ 48}** Murrell agrees that she is the sole owner of the Law Offices of Murrell & Associates, LLC, and she was able to act as the company's agent and to bind it.

However, the Subscription Agreement itself did not show that the Law Office of Murrell & Associates was a limited liability company. And while Murrell identified her job title, in part, as "Owner," she also included "Attorney," which reflected her employment position with the law firm. As a result, Murrell did not indicate that she was signing only on behalf of the Law Offices of Murrell & Associates, LLC. Murrell thus signed the Subscription Agreement in such a way that she exposed herself to individual liability. *See Dart*, 2d Dist. Montgomery No. 28913, 2021-Ohio-1429, ¶ 49 (sole member of limited liability company signed both as an agent for the company and on his own behalf); *Orum Stair, LLC v. GJJG Ents., LLC*, 2016-Ohio-7064, 72 N.E.3d 190, ¶ 33 (10th Dist.) (finding a corporation liable does not preclude its officers from also being individually liable). The trial court did not err in entering judgment against Murrell individually.

{¶ 49} Murrell asserts that, because the trial court found that she was the owner of the Law Office of Patricia Murrell, LLC, a non-existent company, the trial court could not "pierce the corporate veil" and hold her liable for that non-existent company's liabilities. Contrary to her assertion, Murrell's individual liability is not based on piercing the corporate veil, which involves disregarding the corporate form and holding individual shareholders liable for corporate misdeeds. *See Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.*, 67 Ohio St.3d 274, 617 N.E.2d 1075 (1993); *William E. Weaner & Assocs., LLC v. 369 W. First, LLC*, 2d Dist. Montgomery No. 28399, 2020-Ohio-48, ¶ 26 (applying *Belvedere* to limited liability corporations). Rather, her liability was based on the manner in which she signed the Subscription Agreement.

{¶ 50} Murrell further claims that she should have been dismissed as a party, because LexisNexis agreed that the Law Offices of Murrell & Associates, LLC was the

contracting party. Murrell points out that in its reply memorandum in support of its motion for summary judgment, LexisNexis had agreed that, based on Murrell's admissions, "there is no genuine issue of material fact that not only is there a contract, but the contract is between the Plaintiff and the Law Office of Murrell & Associates, LLC." (Pl.'s Nov 30, 2018 Reply Mem., p. 3-4.) Murrell also highlights the parties' drafted agreed Motion for Substitution of Defendant, which would have substituted the Law Offices of Murrell & Associates, LLC for Patricia Murrell dba Law Offices of Murrell & Associates as the party-defendant. (Def.'s Ex. 15.)

{¶ 51} It was possible for Murrell to be individually liable, despite the parties' agreement that the Law Offices of Murrell & Associates, LLC was a party to the Subscription Agreement. Accordingly, the existence of a claim against the limited liability company did not require that Murrell, individually, be dismissed from the litigation. While the parties apparently negotiated Murrell's dismissal and a Motion for Substitution of Defendant was drafted, that motion was never filed and it has no legal import. Murrell remained a party to the litigation, and the trial court did not err in concluding that she was liable for the breach of contract based on how she signed the agreement.

{¶ 52} Murrell's second, third, and fourth assignments of error are overruled.

## IV. Conclusion

{¶ 53} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Michael W. Sandner
Patricia L. Murrell
Hon. Susan D. Solle